Kevin J. Scanlan
ISB #5521; kjs@sgaidaho.com
Jaime L. Matier
ISB #10051; jlm@sgaidaho.com
SCANLAN GRIFFITHS + ALDRIDGE
913 W. River St. Ste. 310
Boise, Idaho 83702
Telephone (208) 991-1200
Fax (208) 908-0043

*Attorneys for Defendants New Empire LLC and Carlos Zamora*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARVIN SHANE BISHOP, <br><br> Plaintiff, <br><br> vs. <br><br> NEW EMPIRE LLC, a Washington limited liability company and, CARLOS ZAMORA, individually, <br><br> Defendant. | Case No. 1:23-CV-00515 <br><br> **ANSWER AND DEMAND FOR JURY TRIAL** |

COME NOW Defendants New Empire LLC and Carlos Zamora, through their undersigned counsel of record, and respond to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") as follows:

**FIRST DEFENSE**

The allegations asserted in Plaintiff's Complaint fail to state any claims against Defendants for which relief can be granted.

**ANSWER AND DEMAND FOR JURY TRIAL - 1**

## SECOND DEFENSE

Defendants deny each and every allegation of Plaintiff's Complaint not herein expressly and specifically admitted.

## THIRD DEFENSE

With respect to the specific allegations made in Plaintiff's Complaint, Defendants respond as follows:

### PARTIES

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

2. Defendants admit the allegations asserted in Paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations asserted in Paragraph 3 of Plaintiff's Complaint.

### JURISDICTION AND VENUE

4. Paragraph 4 asserts a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the same. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that the amount in controversy exceeds ten thousand dollars ($10,000), and therefore deny the same.

5. Paragraph 5 asserts a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the same.

6. Paragraph 6 asserts a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the same.

## GENERAL ALLEGATIONS

7. Defendants admit the allegations asserted in Paragraph 7 of Plaintiff's Complaint.

8. Defendants admit only that the 2010 Freightliner, VIN 1FUJGLDR4ASAF1136, was owned by Chikiado Trucking, LLC on April 20, 2022. The remaining allegations asserted in Paragraph 8 of Plaintiff's Complaint assert legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the same.

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 9 of Plaintiff's Complaint, and therefore deny the same.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 10 of Plaintiff's Complaint, and therefore deny the same.

11. Defendants deny the allegations asserted in Paragraph 11 of Plaintiff's Complaint.

## ALLEGATIONS INCORPORATED BY REFERENCE

12. With respect to the allegations asserted in Paragraph 12 of Plaintiff's Complaint, Defendants incorporate by reference all responses and defenses asserted in this Answer as though fully set forth herein.

## COUNT I
### (Negligence v. Zamora)

13. Paragraph 13 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the same.

14. Defendants deny the allegations asserted in Paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations asserted in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations asserted in Paragraph 16 of Plaintiff's Complaint.

## COUNT II
### (Imputed Negligence v. New Empire)

17. Paragraph 17 of Plaintiff's Complaint asserts legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the same.

18. Paragraph 18 of Plaintiff's Complaint asserts legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the same.

19. Paragraph 19 of Plaintiff's Complaint asserts a legal conclusion to which no response is required. To the extent that any response is required, Defendants deny the same.

20. Defendants deny the allegations asserted in Paragraph 20 of Plaintiff's Complaint.

## COUNT III
### (Respondeat Superior v. New Empire)

21. Paragraph 21 of Plaintiff's Complaint asserts legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the same.

22. Paragraph 22 of Plaintiff's Complaint asserts legal conclusions to which no response is required. To the extent that any response is required, Defendants deny the same.

23. Defendants deny the allegations asserted in Paragraph 23 of Plaintiff's Complaint.

### ATTORNEY FEES

24. Defendants deny that Plaintiff is entitled to recover costs and attorney's fees in this matter.

### PRAYER FOR RELIEF

25. With respect to Plaintiff's Prayer for Relief, Paragraphs 1 through 4, Defendants deny that Plaintiff is entitled to any relief from Defendants.

### FOURTH DEFENSE

No act or omission on the part of the answering Defendants was a proximate cause of Plaintiff's alleged damages.

### FIFTH DEFENSE

Plaintiff's acts or omissions constituted comparative negligence, which bars and/or reduces Plaintiff's recovery against Defendants, if any, pursuant to Idaho Code § 6-801 and all other applicable law.

### SIXTH DEFENSE

Plaintiff's alleged damages, if any, were proximately caused by the acts or omissions, of other persons or entities for which Defendants are not responsible.

### SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were caused in whole or in part by intervening and/or superseding causes for which Defendants are not responsible.

### EIGHTH DEFENSE

Plaintiff's alleged damages, if any, were caused in whole or in part by pre-existing injuries or conditions, for which Defendants are not responsible.

### NINTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, and his right to recovery, if any, is thereby reduced or barred.

### TENTH DEFENSE

Plaintiff's recovery, if any, is limited by Idaho Code § 6-1606, which prohibits double recoveries from collateral sources.

### ELEVENTH DEFENSE

Plaintiff is not the real party in interest pursuant to Federal Rule of Civil Procedure 17.

### TWELFTH DEFENSE

Plaintiff may have waived and/or be estopped from asserting some, or all, of his claims.

### THIRTEENTH DEFENSE

Plaintiff may have failed to join indispensable parties to this suit.

**ANSWER AND DEMAND FOR JURY TRIAL - 6**

## RESERVATION OF DEFENSES

By virtue of pleading the above defenses, Defendants do not admit that the aforementioned defenses are affirmative defenses within the meaning of applicable law, and does not thereby assume any burden of proof or production not otherwise imposed as a matter of law. By asserting the above defenses, Defendants do not admit any fault, responsibility, liability, or damage, and expressly deny the same. Discovery in this matter has not yet commenced, which may disclose facts supporting additional defenses. Therefore, Defendants reserve the right to seek leave of this Court to amend this Answer as may be appropriate.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of not less than six (6) persons on all triable issues, pursuant to Federal Rule of Civil Procedure 38(b).

## ATTORNEY FEES

Defendants have been required to retain the services of counsel and are entitled to recover their reasonable attorney's fees and costs incurred in the defense of this matter pursuant to Idaho Code §§ 12-121 and 12-123, and Federal Rule of Civil Procedure 54.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing against Defendants by way of his Complaint and that his Complaint be dismissed with prejudice;

2. That Defendants be awarded their costs and reasonable attorney's fees incurred in the defense of this action; and

3. For such other and further relief as this Court deems just and proper.

**ANSWER AND DEMAND FOR JURY TRIAL - 7**

DATED November 24, 2023.     SCANLAN GRIFFITHS + ALDRIDGE

By   /s/Kevin J. Scanlan
     Kevin J. Scanlan – Of the Firm
     Jaime L. Matier – Of the Firm

**ANSWER AND DEMAND FOR JURY TRIAL - 8**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 24, 2023, I electronically filed the foregoing document using the ECF E-File system, which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Ron R. Shepherd<br>David L. Bartels<br>SHEP LAW GROUP<br>1990 North Meridian Road<br>Meridian, ID 83646<br>Telephone: (208) 887-3444<br>*Attorneys for Plaintiff* | ☐ U.S. Mail, Postage Prepaid<br>☐ Facsimile<br>☒ iCourt/Email<br>ron@sheplawgroup.net<br>david@sheplawgroup.net<br>efile@sheplawgroup.net |

/s/ Kevin J. Scanlan
Kevin J. Scanlan
Jaime L. Matier

**ANSWER AND DEMAND FOR JURY TRIAL - 9**